**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**

---

**DAVID PETTIGREW also known
as David C. Pettigrew, Sr.,**

                     **Plaintiff,**

             **v.**

**9:14-cv-248
(GLS/TWD)**

**S. HAHN, Correctional Officer, Great
Meadow Correctional Facility**

                     **Defendant.**

---

**APPEARANCES:**             **OF COUNSEL:**

**FOR THE PLAINTIFF:**

DAVID PETTIGREW
08-B-0515
Coxsackie Correctional Facility
Box 999
Coxsackie, New York 12051

**Gary L. Sharpe
Chief Judge**

## DECISION AND ORDER

      The court cannot locate *pro se* plaintiff, David Pettigrew.

Accordingly, it considers *sua sponte* Pettigrew's noncompliance with this

District's Local Rules by failing to notify the court of his current address

and by not prosecuting his action.

On March 7, 2014, David Pettigrew filed a civil rights action.  *See Dkt. No.* 1.  This district has expended considerable effort in order to familiarize *pro se* litigants with those Rules by reminding them of their obligations in various documents and orders mailed to them, and by preparing a Pro Se Handbook that is easily accessible.  See http://www.nynd.uscourts.gov.  In fact, copies of the Handbook have been provided to all prison libraries in the Northern District.

In relevant part, Local Rule ("L.R.") 10.1(c) provides:

> **All . . . *pro se* litigants must immediately notify the court of any change of address.**  Parties must file the notice of change of address with the Clerk and serve the same on all other parties to the action.  The notice must identify each and every action to which the notice shall apply . . . . (emphasis in original).

In turn, L.R. 41.2(b) provides that the "[f]ailure to notify the Court of a change of address in accordance with L.R. 10.1(c)(2) may result in the dismissal of any pending action."

L.R. 41.2(b) mirrors Rule 41(b) of the Federal Rules of Civil Procedure, which affords the court discretionary authority to dismiss an action because of the failure to prosecute or to comply with any order of the court.  *See Link v. Wabash R.R. Co.*, 370 U.S. 626 (1962); *see also*

*Lyell Theater Corp. v. Loews Corp.*, 682 F.2d 37 (2d Cir. 1982).

On July 21, 2014, the court issued a Decision and Order denying the plaintiff's in forma pauperis application. Furthermore, the order directed the plaintiff, should he wish to proceed with this action, to either pay the $400 filing fee or submit a renewed in forma pauperis application detailing his current financial condition within thirty (30) days from the date of the filing of the Decision and Order (Dkt. No. 4). Pettigrew's copy was mailed to his last known address, but were marked return to sender - - Released on 5-12-14. *See Dkt. No.* 5.

On August 1, 2014, the Court issued an order directing Pettigrew to notify the court by August 21, 2014 of his current address and/or verify that his mailing address is as listed in the caption of this order. *See Dkt. No.* 6. The court warned Pettigrew that his failure to comply with the order could result in dismissal for failure to comply with L.R. 10.1(c)(2) and 41.2(b). A copy of the order was sent to the last known address of the plaintiff.

For the orderly disposition of cases, it is essential that litigants honor their continuing obligation to keep the court informed of address changes. *Michaud v. Williams*, 98cv1141, 1999 WL 33504430, at *1 (N.D.N.Y. Nov.

3

5, 1999) (citing *Fenza v. Conklin*, 177 F.R.D. 126 (N.D.N.Y. 1998) (Pooler, then D.J.). As Judge Pooler has observed:

> It is neither feasible nor legally required that the clerks of the district courts undertake independently to maintain current addresses on all parties to pending actions. It is incumbent upon litigants to inform the clerk of address changes, for it is manifest that communications between the clerk and the parties of their counsel will be conducted principally by mail. In addition to keeping the clerk informed of any change of address, parties are obliged to make timely status inquiries. Address changes normally would be reflected by those inquiries if made in writing.

*Dansby v. Albany County Corr. Staff,* 95cv1525, 1996 WL 172699, *1 (N.D.N.Y. Ap. 10, 1996) (citations omitted)).

As a matter of course, courts in this district have dismissed actions when litigants have failed to abide by either the Local Rules or orders related to address changes, and have subsequently failed to prosecute their actions. *See Williams v. Faulkner*, 95cv741, 1998 WL 278288 (N.D.N.Y. May 20, 1998); *Dansby*, 1996 WL 172699, at, *1; *Fenza*, 177 F.R.D. at 126; *cf. Michaud*, 1999 WL 33504430, at *1.

Pettigrew's failure to provide this court with a change of address warrants dismissal. Rule 41(b) of the Federal Rules of Civil Procedure allows a court to dismiss an action for failure to prosecute. Accordingly, it

is hereby

**ORDERED** that Pettigrew's complaint is **DISMISSED** for failure to notify the court of his current address, failure to prosecute and for failure to comply with this court's orders dated July 21, 2014 and August 1, 2014, and it is further

**ORDERED** that the Clerk of the Court serve copies of this Order to the plaintiff at the address listed in the caption as directed under the local rules; and it is further

**ORDERED** that the Clerk serve plaintiff at his last known address.

**SO ORDERED.**

**Dated:** September 17, 2014
Albany, New York

*Gary L. Sharpe*
Gary L. Sharpe
Chief Judge
U.S. District Court